UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMILIO J. GONZALES, et al.,

    Plaintiffs,

    v.

DHI MORTGAGE COMPANY, LTD., et al.,

    Defendants.
_____/

No. C 09-1798 PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING DATE**

    Before the court is a motion to dismiss filed by defendant Countrywide Bank, FSB (aka Countrywide Bank Service)("Countrywide"). Plaintiffs Emilio and Esmeralda Gonzales ("plaintiffs") did not oppose the motions. Nor did plaintiffs file a statement of non-opposition pursuant to Civil Local Rule 7-3. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of July 29, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). For the reasons stated below, defendant's motion to dismiss is GRANTED.

## BACKGROUND

    This action arises out of the initiation of non-judicial foreclosure proceedings on real property purchased by plaintiffs. Plaintiffs are residents of Contra Costa County and the owners of multiple parcels of real property, including real property located at 104 Picasso Drive, Oakley, CA 94561 (the "property"). First Amended Complaint ("FAC") ¶ 1. On or about March 27, 2007, plaintiffs financed the acquisition of the property with two loans obtained from DHI Mortgage Company LTD, L.P. ("DHI")(the first for $488,000 and the

second for $122,000), secured by a first and second Deed of Trust against the property. Id. ¶¶ 3, 9.  Placer Title Company ("Placer") is the trustee under the first and second Deeds of Trust.  See Countrywide Bank Service's ("Countrywide") Request for Judicial Notice ("RJN"), Exhs. 1-2.[1]  Countrywide acted as a loan servicer on plaintiffs' second loan.  FAC, ¶ 3(d).

After plaintiff fell $11,639.83 in arrears on loan payments, a non-judicial foreclosure was initiated when a Notice of Default and Election to Sell Under Deed of Trust was recorded on December 17, 2008.  See RJN, Exh. 3.  On February 11, 2009, plaintiffs filed this action in Contra Costa County Superior Court against Countrywide, DHI, Placer, and IndyMac Bank FSB ("IndyMac").  Plaintiffs filed an amended complaint on March 16, 2009, alleging eleven causes of action: (1) suitability; (2) breach of unspecified duty; (3) negligence per se; (4) breach of fiduciary duty; (5) negligent misrepresentation; (6) intentional misrepresentation; (7) breach of the covenant of good faith and fair dealing; (8) failure to produce note; (9) unfair lending practices; (10) restoral of good credit history; and (11) "Quality Loan Service, IndyMac Bank FSB."  See generally FAC.

On March 23, 2009, a Notice of Trustee's Sale was recorded, stating that plaintiff was in default under a Deed of Trust dated March 27, 2007 as Instrument No. 2007-0092800 in the Official Records of Contra Costa County, and that the property would be subject to sale in a public auction on April 9, 2009.  See RJN, Exh. 6.  On April 23, 2009, a Trustee's Deed Upon Sale was recorded, stating that the property was sold on April 22, 2009.  Id. at Exh. 7.

On April 24, 2009, this action was removed on the basis of federal question jurisdiction.  On May 13, 2009, Placer filed a motion to dismiss, and on May 15, 2009, DHI filed a motion to dismiss.  Plaintiff did not oppose these motions.  On June 22, 2009, the court issued an order dismissing plaintiffs' complaint against DHI and Placer.  See June 22,

---

[1] The court hereby takes judicial notice of the documents submitted in connection with Countrywide's accompanying Request for Judicial Notice, as the documents are proper subjects for judicial notice pursuant to Federal Rule of Evidence 401.

2

2009 Order Granting Motions to Dismiss ("Dismissal Order"). The court granted plaintiffs leave to file an amended complaint as to nearly all claims, however, and imposed a July 13, 2009 deadline for the filing of any amended complaint. When no such complaint was filed by the deadline, the court dismissed with prejudice plaintiffs' complaint (in its entirety) as to DHI and Placer.

Countrywide now seeks dismissal of plaintiffs' complaint against it, making many of the same arguments previously disposed of by the court in connection with DHI's and Placer's motions to dismiss. Once again, plaintiffs have failed to oppose the motion.

**DISCUSSION**

A.  Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can

prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983). In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Twombly, 127 S.Ct. at 1965. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974.

In addition, in ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Accordingly, a court may consider matters of public record on a motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds* by Astoria Federal Savings and Loan Ass'n v. Solimino,

4

501 U.S. 104 (1991).

B.     Motion to Dismiss

Countrywide seeks dismissal of each and every cause of action alleged against it by plaintiffs.[2] As noted previously, much of the court's analysis here is similar to, and directly overlaps with, the court's prior analysis in connection with DHI and Placer's motions to dismiss.

   1.     Suitability

Plaintiffs' first cause of action alleges that defendant breached its professional duties and obligations by providing a sub-prime loan that was neither suitable nor appropriate for the plaintiffs' personal financial condition and well-being. However, because the amended complaint alleges no authority suggesting that "suitability" is a cognizable legal theory, this claim is dismissed.

Moreover, even assuming that "suitability" is a cognizable legal theory, plaintiffs' first cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the amended complaint liberally, plaintiffs have not identified a specific law that Countrywide allegedly violated, nor have plaintiffs alleged specific facts as to the manner in which Countrywide's conduct violated this law. Instead, plaintiffs generally allege that "defendants" breached some unidentified professional duties and obligations. Such pleading does not give Countrywide fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65.

Accordingly, plaintiffs' first cause of action is dismissed for failure to state a claim upon which relief may be granted.

   2.     Breach of Unspecified Duty

---

[2] To the extent that Countrywide's motion to dismiss targets plaintiffs' twelfth and thirteenth causes of action, the court is unable to rule on the merits of those claims because the first amended complaint currently filed with the court does not contain either a twelfth or thirteenth cause of action, and Countrywide has not provided a copy of the complaint to which it refers.

Plaintiffs' untitled second cause of action alleges that "defendants owed a duty to the plaintiffs to perform their professional services in a manner which placed the plaintiffs' interests above the defendants and to deal honestly, directly and accurately with the plaintiffs, the documents and each other." Plaintiffs further allege that defendants "breached their duty to the plaintiffs by failing to disclose relevant information, failing to provide additional options for the plaintiffs, failing to conduct reasonable evaluation into the merits of the loan transactions, the property itself and other regular, customary and usual activities that are born and conducted by professionals of their same nature and type." Plaintiffs assert that as a result of these breaches, they were placed into loans that were inappropriate for their personal financial circumstances and were misled regarding the nature of their transaction and other wrongful conduct, resulting in damages.

Plaintiffs' second cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the amended complaint liberally, plaintiffs have failed to allege any authority giving rise to a duty that Countrywide owed to plaintiffs, nor have plaintiffs alleged specific facts as to the manner in which Countrywide's conduct allegedly breached this duty. Such pleading does not give Countrywide fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65.

To the extent that this claim can be construed as attempting to plead a breach of fiduciary duty, the allegations in the amended complaint still do not satisfy the minimal notice pleading requirements of Rule 8. "The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal.App.4th 515, 524 (2008). "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge

or consent." Pierce v. Lyman, 1 Cal.App.4th 1093, 1101-02 (1991). "The relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior Court, 145 Cal.App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender). A commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark, 231 Cal.App.3d at 1093 n. 1 (citing Kruse v. Bank of America, 202 Cal.App.3d 38, 67 (1988)).

With regard to Countrywide, any breach of fiduciary duty claim is subject to dismissal because as a mere servicer of plaintiffs' loan, Countrywide has no fiduciary duty to plaintiff, absent special circumstances that are invoked pursuant to some controlling legal authority. Plaintiffs, however, have not alleged, let alone argued, any facts suggesting the existence of special circumstances such that a fiduciary relationship between themselves and Countrywide was created, i.e., facts suggesting that Countrywide's involvement in the servicing of plaintiffs' loan somehow exceeded the scope of its conventional role as a mere loan servicer. Thus, the amended complaint alleges no facts to suggest a basis to support a breach of fiduciary duty claim against Countrywide. Instead, plaintiffs' amended complaint contains vague allegations and mere labels and conclusions, which are insufficient to withstand a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65.

Finally, to the extent plaintiffs' claim can be construed as a claim for negligence (as Countrywide does), this claim fails for the same reasons discussed below.

Accordingly, plaintiffs' second cause of action is dismissed for failure to state a claim upon which relief may be granted.

3.  Negligence Per Se

Plaintiffs' third cause of action alleges that defendants, "both mortgage brokers and lenders, are subject to California Statutes and Provisions that govern and direct their conduct. Plaintiffs are members of the class of citizens of the State of California for whose benefit the Statutes and Codes are enacted, and for whose protection the Statutes dealing with the Fair Lending Act under California Law are meant to provide." Plaintiffs further allege that as a "result of the conduct describe herein and omissions of defendants," plaintiffs have suffered mental, physical and economic damages.

"'Negligence per se' is an evidentiary doctrine codified at Evidence Code section 669. Under subdivision (a) of this section, the doctrine creates a presumption of negligence if four elements are established: (1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." Quiroz v. Seventh Ave. Center, 140 Cal.App.4th 1256, 1285 (2006). "[T]he doctrine of negligence per se does not establish tort liability. Rather, it merely codifies the rule that a presumption of negligence arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm that the plaintiff suffered as a result of the violation." Id. "Even if the four requirements of Evidence code section 669, subdivision (a), are satisfied, this alone does not entitle a plaintiff to a presumption of negligence *in the absence of an underlying negligence action*." Id. (emphasis in original).

Plaintiffs' third cause of action does not satisfy the minimal notice pleading requirements of Rule 8. As a preliminary matter, it is wholly unclear whether Countrywide, as a loan "servicer," distinct from a mortgage "lender" or "broker," is being independently sued. Even construing the amended complaint liberally to encompass Countrywide as a defendant, plaintiffs have failed to identify a specific statute, ordinance, or regulation of a

public entity that Countrywide violated. Nor have plaintiffs alleged an underlying negligence cause of action. Such pleading does not give Countrywide fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65.

Accordingly, plaintiffs' third cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 4. Breach of Fiduciary Duty

Plaintiffs' fourth cause of action alleges that defendants collectively "were agents of the plaintiffs, or were compensated to work for or on behalf of the plaintiffs to close the loan transactions discussed herein, all of which gave rise to a fiduciary duty owed by the defendants to the plaintiffs to perform their duties, obligations and functions in a fair, upstanding, honest and forthright manner, to conduct themselves so that the plaintiffs would experience the benefit or their professional education and training, and to place the plaintiffs' interests above and before the interest of defendants." Plaintiffs further allege that "[d]efendants breached their fiduciary duty to the plaintiffs in the performance of their professional duties and obligations; breached which caused the plaintiffs to suffer damages discussed herein."

For the reasons stated above with respect to plaintiffs' second cause of action, this claim is dismissed against Countrywide for failure to state a claim upon which relief may be granted.

### 5. Negligent Misrepresentation

Plaintiffs' fifth cause of action alleges that defendant had a "duty and obligation to represent accurately, truthfully and completely all of the information the plaintiffs relied upon in performing their investigation; consideration and evaluation of whether to obtain additional mortgage financing, alternate mortgage financing and/or the selection of refinancing for the subject property." Plaintiffs further allege that defendant breached its

duty and obligation "by failing to provide the information to the plaintiffs in a manner that they would understand with their limited understanding, education and training in these matters," and by failing to "provide all the information necessary for the plaintiffs to make a complete, accurate and well-thought decision on these financial issues." Plaintiffs assert that they relied upon the negligent representations of defendant in forming their decision regarding the loan transactions at issue.

"Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Fox v. Pollack, 181 Cal.App.3d 954, 962 (1986).

Plaintiffs' fifth cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the complaint liberally, plaintiffs have not identified with any specificity a misrepresentation of a past or existing material fact that Countrywide allegedly made. Nor have plaintiffs sufficiently alleged that Countrywide made a misrepresentation of a past or existing fact with the intent to induce plaintiffs' reliance or that plaintiffs justifiably relied on such misrepresentation. Instead, plaintiffs allege in a conclusory manner that all "defendants" breached their duty and obligation to provide "accurate, truthful and complete information" by failing to provide information in a manner that they would understand and by failing to "provide all the information necessary to enable them to make a complete, accurate and well-thought decision." Such pleading is insufficient to give Countrywide fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65.

Accordingly, plaintiffs' fifth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 6. Intentional Misrepresentation

Plaintiffs' sixth cause of action alleges that defendant had a "duty to represent accurately, truthfully and completely all information to the plaintiffs in a manner that the plaintiffs actually understood the content of the information, so that the plaintiffs could make and be responsible for the decision whether to refinance; if so, which loan to use to refinance and the advantages and disadvantages of the various types of loans." Plaintiffs further allege that defendant "intentionally misrepresented the nature of the loans, stating that the plaintiffs needed a new mortgage, that a new mortgage was suitable for the plaintiffs, that a new mortgage of a sub-prime nature was in the plaintiffs' benefit and other intentional misrepresentations which the plaintiffs relied upon in forming their decision regarding the loan transactions."

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." Gil v. Bank of Am., Nat'l Ass'n, 138 Cal.App.4th 1371, 1381 (2006). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). This means that plaintiff "must state with particularity the circumstances constituting fraud . . . " Fed.R.Civ.P. 9(b). In other words, plaintiff must include "the who, what, when, where, and how" of the fraud. Vess, 317 F.3d at 1106 (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Lazar v. Superior Court, 12 Cal.4th 631, 645 (1996) (quotation marks omitted).

As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when

suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz, 476 F.3d at 765-66; see also Pegasus Holdings v. Veterinary Centers of America, Inc., 38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998) (Where an action involves multiple defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.' ").

The purpose of Rule 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995). "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." Id. (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

Plaintiffs' sixth cause of action does not satisfy the heightened pleading requirements of Rule 9(b). Plaintiffs have pled vague and conclusory allegations against Countrywide without any information as to the "who, what, when, where, and how" of the fraud. The amended complaint does not contain enough information to enable Countrywide to know what misrepresentations are attributable to it and what fraudulent conduct it is charged with, including the names of the persons who made any allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. Nor have plaintiffs alleged, with sufficient particularity, what is false or misleading about any representations, and why they are false. Indeed, this would be difficult to do, considering that Countrywide merely serviced, rather than issued, the loans that form the basis for plaintiffs' allegations. As such, the allegations are insufficient to satisfy the purpose of Rule 9(b), which is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations.

Accordingly, plaintiffs' sixth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 7. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiffs' seventh cause of action alleges that "plaintiffs had oral and/or written agreements with all the defendants and/or through those laws of agency." Plaintiffs further allege that each agreement required that defendants deal fairly and in good faith with them, and that defendants breached that duty, causing damages.

Every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 798 (2008). To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract. See Racine & Laramie v. Dep't of Parks & Rec., 11 Cal.App.4th 1026, 1031 (1992); see also Gus v. Bechtel Nat. Inc., 24 Cal.4th 317, 349-350 (2000) (the covenant of good faith and fair dealing cannot be endowed with an existence independent of its contractual underpinnings, and thus cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement); Smith v. City and County of San Francisco, 225 Cal.App.3d 38, 49 (1990) (Without a contractual relationship, [a plaintiff] cannot state a cause of action for breach of the implied covenant.").

Plaintiffs' seventh cause of action does not satisfy the minimal notice pleading requirements of Rule 8. The amended complaint, apart from asserting a breach of the implied covenant of good faith and fair dealing, does not allege facts establishing that Countrywide breached a contractual obligation. Even construing the amended complaint liberally, plaintiffs have not alleged a contractual obligation breached by Countrywide arising from any agreement plaintiffs made with Countrywide, nor have plaintiffs alleged conduct that frustrated their rights to benefit from the contract. In fact, plaintiffs neither identified the agreements they reference in the FAC nor have they plead any of the terms

13

of such agreements. Such pleading does not give Countrywide fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65. Moreover, even if there were a contractual relationship between the parties, plaintiffs have not plead any facts establishing a "special relationship" between them which could justify extending tort liability for bad faith to the present context. See Smith, 225 Cal.App.3d at 49.

Accordingly, plaintiffs' seventh cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 8. Failure to Produce Note

Plaintiffs' untitled eighth cause of action alleges that none of the defendants are the real party in interest as they have not and cannot produce the note, as required under California law. Although unclear, it appears that plaintiffs are alleging that defendants have failed to meet statutory requirements for conducting a foreclosure sale on the subject property because defendants did not produce the note before commencing the non-judicial foreclosure proceedings.

Plaintiffs' eighth cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the amended complaint liberally, plaintiffs have failed to allege any facts or law indicating that Countrywide, as a loan servicer, was prohibited from proceeding with non-judicial foreclosure or violated non-judicial foreclosure statutes, including any requirement under California law that the note be produced in order to render the foreclosure proceedings valid. Moreover, as pleaded, this claim fails as a matter of law because, under California Civil Code § 2924, no party needs to physically possess or produce the promissory note to commence the foreclosure process. See Cal. Civ.Code § 2924(a)(1). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994).

Accordingly, plaintiffs' eighth cause of action is dismissed for failure to state a claim

14

upon which relief may be granted. Because amendment would be futile, this claim is dismissed with prejudice.

### 9. Unfair Lending Practices

Plaintiffs' ninth cause of action alleges that defendant violated various statutes defining unfair lending practices insofar as they "knowingly or intentionally made a home loan to the plaintiffs without determining or using commercially reasonable means or mechanisms that the borrowers had the ability to repay the loan."

Plaintiffs' ninth cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the amended complaint liberally, plaintiffs failed to identify a specific statute that Countrywide violated. Instead, plaintiffs allege that "defendants" violated "various statutes defining unfair lending practices." Such pleading does not give Countrywide fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65.

Accordingly, plaintiffs' ninth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 10. Restoral of Good Credit History

Plaintiffs' tenth cause of action seeks restoral of their reputation and good credit history. However, because the amended complaint alleges no authority suggesting that "restoral of good credit history" is a cognizable legal theory, or even that it is available as a remedy should a violation of some law be established, plaintiffs' tenth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 11. "Quality Loan Service, IndyMac Bank FSB"

It is unclear what is meant by the title of plaintiffs' eleventh cause of action, which alleges, among other things, that MERS and Quality Loan Service Corporation made false

15

representations in connection with the Notice of Default.[3]  The claim is not asserted against Countrywide.  Nonetheless, even assuming that plaintiffs intended to assert this claim against Countrywide, plaintiffs have not satisfied the minimal notice pleading requirements of Rule 8.  The amended complaint does not allege any specific facts identifying wrongful conduct on the part of Countrywide.  Instead, the amended complaint merely refers to conduct on the part of "defendants."  Such pleading does not give Countrywide fair notice of the claim and the grounds upon which it rests.  Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at 1964-65.

Accordingly, to the extent plaintiffs do attempt to assert their eleventh cause of action against Countrywide, it is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is GRANTED.  Plaintiffs' first through eleventh causes of action are dismissed as to Countrywide.  Plaintiffs are granted leave to amend all claims, if they can, except for the eighth claim for failure to produce note, which is dismissed with prejudice.  Because the court has dismissed plaintiffs' complaint in its entirety with regard to Countrywide, and has pointed out the deficiencies contained therein, the court will not order a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, as requested by Countrywide.  Plaintiffs shall file a further amended complaint in accordance with this order no later than August 17, 2009.  The further amended complaint must comply with Rule 8 and Rule 9(b).  If the further amended complaint is either filed untimely or lacks a

---

[3] According to the "Legal Description" section of the FAC, MERS is not a defendant (so it is unclear why this claim appears to be brought against it), and while Quality Loan Service Corporation is referred to as a defendant, it is not listed as such in the caption of the FAC, no summons has been issued for it, it has not been served, and has not appeared in this action.

cognizable claim, this action will be dismissed with prejudice as to Countrywide.

**IT IS SO ORDERED.**

Dated: July 24, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge