United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMILIO J. GONZALES, et al.,

        Plaintiff(s),

    v.

DHI MORTGAGE COMPANY, LTD. et al.,

        Defendant(s).
_____/

No. C 09-1798 PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING DATE**

Before the court is a motion to dismiss filed by defendant IndyMac Bank FSB ("IndyMac"). Plaintiffs have not opposed the motion, nor did plaintiffs file an amended complaint as previously ordered by the court upon the dismissal of defendant Countrywide Bank. For the reasons stated below, defendant's motion to dismiss is GRANTED.

## BACKGROUND

This action arises out of the initiation of non-judicial foreclosure proceedings on real property purchased by plaintiffs Emilio and Esmeralda Gonzales ("plaintiffs"). Plaintiffs are residents of Contra Costa County and the owners of multiple parcels of real property, including real property located at 104 Picasso Drive, Oakley, CA 94561 (the "property"). First Amended Complaint ("FAC") ¶ 1. On or about March 27, 2007, plaintiffs financed the acquisition of the property with two loans obtained from DHI, secured by a first and second Deed of Trust against the property. Id. ¶¶ 3, 9. Placer was the trustee under the first and second Deeds of Trust. Countrywide Bank Service's ("Countrywide") Request for Judicial Notice ("RJN"), Exhs. 1-2. IndyMac Bank FSB ("IndyMac") "[claims] an interest in the plaintiffs' property, either as a loan service provider or beneficiary." FAC ¶ 3.

After plaintiff fell $11,639.83 in arrears on loan payments, a non-judicial foreclosure was initiated when a Notice of Default and Election to Sell Under Deed of Trust was recorded on December 17, 2008. DHI's RJN, Exh. B; Countrywide's RJN Exh. 3. On February 11, 2009, plaintiffs filed this action in Contra Costa County Superior Court. Plaintiffs filed an amended complaint on March 16, 2009 against DHI, Placer, Countrywide and IndyMac, alleging eleven causes of action: (1) suitability; (2) breach of unspecified duty; (3) negligence per se; (4) breach of fiduciary duty; (5) negligent misrepresentation; (6) intentional misrepresentation; (7) breach of the covenant of good faith and fair dealing; (8) failure to produce note; (9) unfair lending practices; (10) restoral of good credit history; and (11) "Quality Loan Service, IndyMac Bank FSB." See generally FAC.

On March 23, 2009, a Notice of Trustee's Sale was recorded, stating that plaintiff was in default under a Deed of Trust dated March 27, 2007 as Instrument No. 2007-0092800 in the Official Records of Contra Costa County, and that the property would be subject to sale in a public auction on April 9, 2009. Countrywide's RJN, Exh. 6. On April 23, 2009, a Trustee's Deed Upon Sale was recorded, stating that the property was sold on April 22, 2009. Countrywide's RJN, Exh. 7.

On April 24, 2009, this action was removed on the basis of federal question jurisdiction. The court has granted three motions to dismiss the other defendants in this case. On June 22, 2009, the court dismissed this action with prejudice as to DHI and Placer Title Company. On September 14, 2009, the court dismissed this action with prejudice as to Countrywide. Thus, IndyMac is the only remaining defendant in this action.

On September 30, 2009, Federal Deposit Insurance Corporation ("FDIC")[1] as Receiver for IndyMac, filed a motion to dismiss which has not been opposed by plaintiffs.

---

[1] On April 17, 2009, the state court entered an order substituting FDIC for IndyMac. Def.'s Mot. 2.

**DISCUSSION**

A.     Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory.  Id.  The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).  In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto.  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

1  Rule 8 requires only that the complaint include a "short and plain statement of the claim
2  showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2).  Specific facts are
3  unnecessary - the statement need only give the defendant "fair notice of the claim and the
4  grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell
5  Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)).  In order to survive a dismissal
6  motion, a plaintiff must allege facts that are enough to raise her right to relief "above the
7  speculative level." Twombly, 127 S.Ct. at 1965.  While the complaint "does not need
8  detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds'
9  of his 'entitlement to relief' [which] requires more than labels and conclusions, and a
10 formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  In
11 short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its
12 face," not just conceivable. Id. at 1974.

13 In addition, in ruling on a motion to dismiss for failure to state a claim, "a court may
14 generally consider only allegations contained in the pleadings, exhibits attached to the
15 complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d
16 756, 763 (9th Cir. 2007).  Accordingly, a court may consider matters of public record on a
17 motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for
18 summary judgment." Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
19 1986), *abrogated on other grounds* by Astoria Federal Savings and Loan Ass'n v. Solimino,
20 501 U.S. 104 (1991).

21 B.     Motion to Dismiss

22 Preliminarily, the only specific factual allegation in the FAC regarding IndyMac states
23 that IndyMac "has claimed and is claiming an interest in plaintiffs' property, either as a loan
24 service provider or beneficiary.  This defendant is somewhere in the chain of loan service
25 providers and has no other interest in this Note[.]" FAC ¶ 3(e).  Plaintiffs provide no other
26 explanation of IndyMac's role in any alleged fraudulent or negligent conduct.  The court
27 addresses each cause of action in turn.
28

### 1. Suitability

Turning to plaintiffs' first cause of action, the complaint alleges that defendants breached their professional duties and obligations by providing a sub-prime loan that was neither suitable nor appropriate for the plaintiffs' personal financial condition and well-being. However, the claim must be dismissed because the FAC alleges no authority suggesting that "suitability" is a cognizable legal theory.

Moreover, even assuming that "suitability" is a cognizable legal theory, plaintiffs' first cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the complaint liberally, plaintiffs have not identified a specific law that IndyMac allegedly violated, nor have plaintiffs alleged specific facts as to the manner in which IndyMac's conduct violated this law. Instead, plaintiffs generally allege that "defendants" breached some unspecified professional duties and obligations. Such pleading does not give IndyMac fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

Accordingly, plaintiffs' first cause of action should be dismissed for failure to state a claim upon which relief may be granted.

### 2. Breach of unspecified duty

Plaintiffs' untitled second cause of action alleges that "defendants, each of them, owed a duty to the plaintiffs to perform their professional services in a manner which placed the plaintiffs' interests above the defendants and to deal honestly, directly and accurately with the plaintiffs, the documents and each other." Plaintiffs further allege that defendants "breached their duty to the plaintiffs by failing to disclose relevant information, failing to provide additional options for the plaintiffs, failing to conduct reasonable evaluation into the merits of the loan transactions, the property itself and other regular, customary and usual activities that are born and conducted by professionals of their same nature and type." Plaintiffs assert that as a result of these breaches, they were placed into loans that were

inappropriate for their personal financial circumstances and were misled regarding the nature of their transaction and other wrongful conduct, resulting in damages.

Plaintiffs' second cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the amended complaint liberally, plaintiffs have failed to allege any authority giving rise to a duty that IndyMac owed to plaintiffs, nor have plaintiffs alleged specific facts as to the manner in which IndyMac's conduct allegedly breached this duty. Such pleading does not give IndyMac fair notice of the claim and the grounds upon which it rests.

To the extent that this claim can be construed as attempting to plead a breach of fiduciary claim, the allegations in the amended complaint still do not satisfy the minimal notice pleading requirements of Rule 8. "The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal.App.4th 515, 524 (2008). "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." Pierce v. Lyman, 1 Cal.App.4th 1093, 1101-02 (1991). "The relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior Court, 145 Cal.App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender).

Plaintiffs have not alleged sufficient facts giving rise to an inference that the relationship between themselves and IndyMac is fiduciary in nature. The amended complaint alleges no facts to suggest a basis to support a breach of fiduciary duty claim

6

against IndyMac.  Instead, plaintiffs' amended complaint contains vague allegations and mere labels and conclusions, which are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at 1964-65.  Accordingly, this cause of action is dismissed.

      **3.**      **Negligence Per Se**

Plaintiffs' third cause of action alleges that defendants, "both mortgage brokers and lenders, are subject to California Statutes and Provisions that govern and direct their conduct.  Plaintiffs are members of the class of citizens of the State of California for whose benefit the Statutes and Codes are enacted, and for whose protection the Statutes dealing with the Fair Lending Act under California Law are meant to provide."  Plaintiffs further allege that as a "result of the conduct describe herein and omissions of defendants," plaintiffs have suffered mental, physical and economic damages.

"'Negligence per se' is an evidentiary doctrine codified at Evidence Code section 669.  Under subdivision (a) of this section, the doctrine creates a presumption of negligence if four elements are established: (1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted."  Quiroz v. Seventh Ave. Center, 140 Cal.App.4th 1256, 1285 (2006).  However, the presumption of negligence does not apply unless the plaintiff has alleged an underlying negligence action.  See id. ("Even if the four requirements of Evidence Code section 669, subdivision (a), are satisfied, this alone does not entitle a plaintiff to a presumption of negligence *in the absence of an underlying negligence action.*") (emphasis in original).

Plaintiffs' third cause of action does not satisfy the minimal notice pleading requirements of Rule 8.  Even construing the amended complaint liberally, plaintiffs have failed to identify a specific statute, ordinance, or regulation of a public entity that IndyMac

7

1  violated.  Nor have plaintiffs alleged an underlying negligence cause of action.  Such
2  pleading does not give IndyMac fair notice of the claim and the grounds upon which it rests.

4  Accordingly, plaintiffs' third cause of action is dismissed for failure to state a claim
5  upon which relief may be granted.

### 4. Breach of Fiduciary Duty

Plaintiffs' fourth cause of action alleges that defendants "were agents of the plaintiffs, or were compensated to work for or on behalf of the plaintiffs to close the loan transactions discussed herein, all of which gave rise to a fiduciary duty owed by the defendants to the plaintiffs to perform their duties, obligations and functions in a fair, upstanding, honest and forthright manner, to conduct themselves so that the plaintiffs would experience the benefit or their professional education and training, and to place the plaintiffs' interests above and before the interest of defendants."  Plaintiffs further allege that "[d]efendants breached their fiduciary duty to the plaintiffs in the performance of their professional duties and obligations; breached which caused the plaintiffs to suffer damages discussed herein."

For the reasons stated above with respect to plaintiffs' second cause of action, this claim is dismissed for failure to state a claim upon which relief may be granted.

### 5. Negligent Misrepresentation

Plaintiffs' fifth cause of action alleges that defendants had a "duty and obligation to represent accurately, truthfully and completely all of the information the plaintiffs relied upon in performing their investigation; consideration and evaluation of whether to obtain additional mortgage financing, alternate mortgage financing and/or the selection of refinancing for the subject property."  Plaintiffs further allege that defendants breached their duty and obligation "by failing to provide the information to the plaintiffs in a manner that they would understand with their limited understanding, education and training in these matters," and by failing to "provide all the information necessary for the plaintiffs to make a

complete, accurate and well-thought decision on these financial issues." Plaintiffs assert that they relied upon the negligent representations of defendants in forming their decision regarding the loan transactions at issue.

"Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Fox v. Pollack, 181 Cal.App.3d 954, 962 (1986).

Plaintiffs' fifth cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the complaint liberally, plaintiffs have not identified with any specificity a misrepresentation of a past or existing material fact that IndyMac allegedly made. Nor have plaintiffs sufficiently alleged that IndyMac made a misrepresentation of a past or existing fact with the intent to induce plaintiffs reliance or that plaintiffs justifiably relied on such misrepresentation. Instead, plaintiffs allege in a conclusory manner that "defendants" breached their duty and obligation to provide "accurate, truthful and complete information" by failing to provide information in a manner that they would understand and by failing to "provide all the information necessary to enable them to make a complete, accurate and well-thought decision." Such pleading is insufficient to give IndyMac fair notice of the claim and the grounds upon which it rests.

Accordingly, plaintiffs' fifth cause of action is dismissed for failure to state a claim upon which relief may be granted.

**6.     Intentional Misrepresentation**

Plaintiffs' sixth cause of action alleges that defendants had a "duty to represent accurately, truthfully and completely all information to the plaintiffs in a manner that the plaintiffs actually understood the content of the information, so that the plaintiffs could make and be responsible for the decision whether to refinance; if so, which loan to use to

refinance and the advantages and disadvantages of the various types of loans." Plaintiffs further allege that defendants "intentionally misrepresented the nature of the loans, stating that the plaintiffs needed a new mortgage, that a new mortgage was suitable for the plaintiffs, that a new mortgage of a sub-prime nature was in the plaintiffs' benefit and other intentional misrepresentations which the plaintiffs relied upon in forming their decision regarding the loan transactions."

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." Gil v. Bank of Am., Nat'l Ass'n, 138 Cal.App.4th 1371, 1381 (2006). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). This means that plaintiff "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). In other words, plaintiff must include "the who, what, when, where, and how" of the fraud. Vess, 317 F.3d at 1106 (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Lazar v. Superior Court, 12 Cal.4th 631, 645 (1996) (quotation marks omitted).

As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz, 476 F.3d at 765-66; see also Pegasus Holdings v. Veterinary Centers of America, Inc., 38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998) (Where an action involves multiple defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what

misrepresentations are attributable to them and what fraudulent conduct they are charged with.'").

The purpose of Rule 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995). "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." Id. (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

Plaintiffs' sixth cause of action does not satisfy the heightened pleading requirements of Rule 9(b). Plaintiffs have plead vague and conclusory allegations against IndyMac without any information as to the "who, what, when, where, and how" of the fraud. The amended complaint does not contain enough information to enable IndyMac to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with, including the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. Nor have plaintiffs alleged, with sufficient particularity, what is false or misleading about the representations, and why they are false. As such, the allegations are insufficient to satisfy the purpose of Rule 9(b), which is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations.

Accordingly, plaintiffs' sixth cause of action is dismissed for failure to state a claim upon which relief may be granted.

**7.     Breach of Covenant of Good Faith and Fair Dealing**

Plaintiffs' seventh cause of action alleges that "plaintiffs had oral and/or written agreements with all the defendants and/or through those laws of agency." Plaintiffs further allege that each agreement required that defendants deal fairly and in good faith with them, and that defendants breached that duty, causing damages.

11

Every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 798 (2008). To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract. See Racine & Laramie v. Dep't of Parks & Rec., 11 Cal.App.4th 1026, 1031 (1992); see also Gus v. Bechtel Nat. Inc., 24 Cal.4th 317, 349-350 (2000) (the covenant of good faith and fair dealing cannot be endowed with an existence independent of its contractual underpinnings, and thus cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement); Smith v. City and County of San Francisco, 225 Cal.App.3d 38, 49 (1990) (Without a contractual relationship, [a plaintiff] cannot state a cause of action for breach of the implied covenant.").

Plaintiffs' seventh cause of action does not satisfy the minimal notice pleading requirements of Rule 8. The amended complaint, apart from asserting a breach of the implied covenant of good faith and fair dealing, does not allege facts establishing that IndyMac breached a contractual obligation. Even construing the amended complaint liberally, plaintiffs have not alleged a contractual obligation breached by IndyMac arising from any agreement plaintiffs made with IndyMac, nor have plaintiffs alleged conduct that frustrated their rights to benefit from the contract. In fact, plaintiffs neither identified the agreements they reference in the FAC nor have they plead any of the terms of such agreements. Such pleading does not give IndyMac fair notice of the claim and the grounds upon which it rests. Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss. See Twombly, 127 S.Ct. at 1964-65. Moreover, even if there were a contractual relationship between the parties, plaintiffs have not plead any facts establishing a "special relationship" between them which could justify extending tort liability for bad faith to the present context. See Smith, 225 Cal.App.3d at 49.

Accordingly, plaintiffs' seventh cause of action is dismissed for failure to state a

claim upon which relief may be granted.

### 8. Failure to Produce Note

Plaintiffs' untitled eighth cause of action alleges that none of the defendants are the real party in interest as they have not and cannot produce the note, as required under California law. Although unclear, it appears that plaintiffs are alleging that defendants have failed to meet statutory requirements for conducting a foreclosure sale on the subject property because defendants did not produce the note before commencing the non-judicial foreclosure proceedings.

Plaintiffs' eighth cause of action does not satisfy the minimal notice pleading requirements of Rule 8. Even construing the amended complaint liberally, plaintiffs have failed to allege any facts or law indicating that IndyMac was prohibited from proceeding with non-judicial foreclosure or violated non-judicial foreclosure statutes, including any requirement under California law that the note be produced in order to render the foreclosure proceedings valid. Moreover, as pleaded, this claim fails as a matter of law because, under California Civil Code section 2924, no party needs to physically possess or produce the promissory note to commence the foreclosure process. See Cal. Civ. Code § 2924(a)(1). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994).

Accordingly, plaintiffs' eighth cause of action is dismissed for failure to state a claim upon which relief may be granted.

### 9. Unfair Lending Practices

Plaintiffs' ninth cause of action alleges that defendants violated various statutes defining unfair lending practices insofar as they "knowingly or intentionally made a home loan to the plaintiffs without determining or using commercially reasonable means or mechanisms that the borrowers had the ability to repay the loan."

Plaintiffs' ninth cause of action does not satisfy the minimal notice pleading

13

requirements of Rule 8.  Even construing the amended complaint liberally, plaintiffs failed to identify a specific statute that IndyMac violated.  Instead, plaintiffs allege that "defendants" violated "various statutes defining unfair lending practices."  Such pleading does not give IndyMac fair notice of the claim and the grounds upon which it rests.  Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at 1964-65.

Accordingly, plaintiffs' ninth cause of action is dismissed for failure to state a claim upon which relief may be granted.

**10.    Restoral of Good Credit History**

Plaintiffs' tenth cause of action seeks restoral of their reputation and good credit history.  However, because the amended complaint alleges no authority suggesting that "restoral of good credit history" is a cognizable legal theory, or even that it is available as a remedy should a violation of some law be established, plaintiffs' tenth cause of action should be dismissed for failure to state a claim upon which relief may be granted.

**11.    "Quality Loan Service, IndyMac Bank FSB."**  It is unclear what is meant by the title of plaintiffs' eleventh cause of action, which alleges, among other things, that MERS and Quality Loan Service Corporation made false representations in connection with the Notice of Default.  However, this claim is not asserted against IndyMac.  Nonetheless, even assuming that plaintiffs intended to assert this claim against IndyMac, plaintiffs have not satisfied the minimal notice pleading requirements of Rule 8.  The amended complaint does not allege any specific facts identifying wrongful conduct on the part of IndyMac.  Instead, the amended complaint merely refers to conduct on the part of "defendants."  Such pleading does not give IndyMac fair notice of the claim and the grounds upon which it rests.  Vague allegations and mere labels and conclusions are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at 1964-65.

Accordingly, plaintiffs' eleventh cause of action is dismissed for failure to state a claim upon which relief may be granted.

**CONCLUSION**

For the reason's stated above, defendant's motion to dismiss is GRANTED. All causes of action are dismissed as to IndyMac. The causes of action asserted against IndyMac are the same as those asserted against all defendants. Because they were dismissed as to all other defendants and because the court provided detailed instructions on the deficiencies of the complaint and leave to amend the complaint to cure those deficiencies, because plaintiff failed to amend the complaint months ago as ordered and has not even opposed this motion, and because the record does not suggest a way in which the complaint could be amended to cure the deficiencies, the court finds that amendment would be futile and the dismissal is WITH PREJUDICE.

The December 9, 2009 date for hearing is VACATED. The Clerk shall close the file.

**IT IS SO ORDERED**

Dated: December 4, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge